**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY**
**STATE OF MISSOURI**

| | |
|---|---|
| CAROLYNNE KIEFFER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 2SSL-CC09485 |
| | ) |
| ST. LOUIS COUNTY, | ) JURY TRIAL DEMANDED |
| | ) |
| ROBERT RINCK, in his individual capacity, | ) |
| | ) |
| JOHN DOES 1-10, in his individual capacity, | ) |
| | ) |
| Defendants. | ) |

*Hold for Service*

**FILED**

AUG 20 2025

JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

DIV 18

**PETITION**

COMES NOW Carolynne Kieffer, Plaintiff, pro se, and for her causes of action

against Defendant St. Louis County, Defendant Robert Rinck, and Defendants John Does

1-10 states as follows:

**NATURE OF THE CASE**

This is a Complaint for Damages brought against Defendants St. Louis County

and against Defendant Robert Rinck and other police officers along with an unknown

number of housing code enforcement officials for violations of Plaintiff's Fourth and

Fourteenth Amendment rights, cognizable under 42 U.S.C. §§ 1983 and 1988. As

alleged herein, these individual Defendant officers and employees, acting in the

employment of Defendant St. Louis County and under color of state law, violated

Plaintiff's Fourth Amendment rights by conducting unlawful entries and searches of

Plaintiff's residential property, unlawfully seizing and denying her possession of the

property, and/or failing to intervene to prevent other officers and state officials for

1

violating Plaintiff's Fourth Amendment rights. Further, Plaintiff also brings claims against Defendant St. Louis County, Missouri, under theories of municipal liability ("Monell") claims for failing to supervise and discipline Defendant Robert Rinck and maintaining unconstitutional practices and customs of misusing housing code ordinances and the problem properties unit to conduct unlawful searches and seizures.

## PARTIES

1. Carolynne Kieffer is a resident of Missouri and the owner of the property located at 2120 Palatine Court, St. Louis, Missouri 63026, which was listed on the County's vacant property registry at the time of the incidents complained about herein.

2. Defendant St. Louis County is a municipal entity responsible for the actions of its law enforcement officers and other employees who held various roles at the property at 2120 Palatine Court on August 21, 2020. Defendant St. Louis County, Missouri, (herein "Defendant St. Louis County") is a body politic, organized and existing pursuant to Missouri law.

3. Defendant Robert Rinck was, upon information and belief, is and/or was, at all times relevant hereto, a citizen of the United States and acting under color of state law as lawfully empowered police officer in the employment of Defendant St. Louis County, Missouri. As a party to this action, Defendant Rinck is named in his individual capacity.

4. Defendants John Does 1-10 are unknown law enforcement officers or county employees who participated in or authorized the raid on Plaintiff's property. They acted under color of state law and in their official capacities.

2

**JURISDICTION AND VENUE**

5. As described herein, this Court has jurisdiction to hear this cause of action over the above-named Defendants.

6. Venue is proper to this Court, pursuant to §§ 508.010 and 508.060 MO. REV. STAT., in that Defendant St. Louis County is the county in which Plaintiff was first injured by the wrongful acts and/or negligent conduct of Defendants, as alleged herein, and/or as the Circuit Court in which Defendant St. Louis County is situated.

FACTUAL ALLEGATIONS

7. On August 21, 2020, Plaintiff arrived at her residential property at 2120 Palatine Court, Fenton, Missouri 63026, to perform routine lawn maintenance.

8. Upon arriving on the cul de sac, Plaintiff saw an unusual and alarming scene of numerous individuals present on the front yard of her property, operating saws and other equipment and appearing to be conducting extensive work without Plaintiff's knowledge or consent.

9. Plaintiff was shocked and confused, having had no prior notice or explanation for the presence of these individuals. The sheer number of people and the activity level created a sense of chaos and urgency.

10. Attempting to gain control of the situation, Plaintiff tried to pull into her driveway and informed an individual that she was present to do lawn work and needed access to the driveway; she was blocked by vehicles on the driveway and was informed by the individual that she could not come onto the property.

11. Plaintiff was able to see that the front doors of the residence were open.

3

12. She remained on the public street, at the end of the cul de sac, inside her

13. At that moment, an officer present on the scene stated to Plaintiff: "You can't get out. If you so much as place one foot on the ground, we will arrest you."

14. Plaintiff learned later that a law officer had been summoned by this time and was en route to arrest her, despite her being on a public street and attempting to access her own property.

15. Feeling threatened, disoriented, and fearing unlawful arrest, Plaintiff drove away from the scene, unable to intervene or prevent the unauthorized occupation and alteration of her property.

16. Plaintiff learned later that the raid was conducted by a SWAT team led by Defendant Robert Rinck, who was present on the scene and in charge of the operation, and that the double front doors had been opened forcibly with a battering ram.

17. Plaintiff was never served with any prior notice of the County's intent to break into the property or make any alterations to the exterior of the property.

18. On July 5, 2012, an individual who lived two properties away from Plaintiff's property had broken into the adjacent property at 2122 Palatine Court and while he was in the property attempted to cut into the plumbing or remove electrical appliances caused a gas explosion, which damaged Plaintiff's residence and the residence at 2124 Palatine Court and destroyed two of Plaintiff's vehicles that were parked in her driveway.

19. To date Plaintiff has not received any compensation for the damages caused by the gas explosion to her real property or vehicles, and she did not have property or casualty insurance on the real property.

4

20. Plaintiff has been informed that the defendants obtained a search warrant on the morning of the raid and posted the warrant on the door and then broke into the doors immediately thereafter.

21. At the time of the raid, on August 21, 2025, Plaintiff's property at 2120 Palatine Court had been unoccupied for some years, and was listed on the County's registry of vacant properties.

22. At the time of the raid, the defendants were aware that the property was vacant and that it was listed on the County's registry of vacant properties.

23. During the execution of the raid on Plaintiff's property on August 21, 2020, several officers or other individuals remained outside and proceeded to cut down multiple trees without justification or legal authority, including a mature pear tree, a small sassafras tree and several small oak trees.

24. The trees were not obstructing access, and were not involved in any alleged criminal activity.

25. The defendants, without justification or operational necessity, entered Plaintiff's backyard and deliberately cut down the mature pear tree located approximately fifteen feet from the residence; this act was not authorized by any warrant and served no legitimate law enforcement purpose.

26. The removal of the trees was unnecessary and Defendants' conduct was willful, wanton, and malicious, entitling Plaintiff to compensatory and punitive damages.

27. Defendants, without justification or operational necessity, entered Plaintiff's backyard

5

and deliberately cut down the mature fruit-producing pear tree located approximately fifteen feet from the residence.

28. The destruction was malicious, intentional, and carried out with reckless disregard for Plaintiff's property rights, may have represented officer misconduct; and entitles Plaintiff to compensatory and punitive damages.

29. Plaintiff was not made aware of the issuance of any search warrant that may have been issued, and she was deprived of her rights to respond.

30. The defendants posted a Notice to Vacate on a window at the front of the property when they departed the premises after the raid.

31. The raid was not prompted by any emergency, criminal activity, or imminent threat, and no justification was provided for the use of force or destruction of property.

32. Defendant Rinck had previously led a similar SWAT-style raid on the home of Angela Zorich in 2014, which resulted in a federal lawsuit and a $750,000 settlement paid by St. Louis County in 2019.

33. Despite the County's prior acknowledgement of excessive force and misconduct in the Zorich case, Defendant Rinck continued to engage in unconstitutional practices, including the raid on Plaintiff's property.

34. As a result of Defendants' actions, Plaintiff suffered property damage, emotional distress, and a violation of her constitutional rights.

LEGAL CLAIMS

COUNT I – Violation of Fourth Amendment (Unlawful Search and Seizure)\

35. Plaintiff incorporates all preceding paragraphs.

36. Defendants, acting under color of law, entered Plaintiff's property without

6

Notice, forcibly breached the doors and conducted a search and seizure that was unreasonable in scope and execution.

27. Damage to the residence, the destruction of trees, and denial of access to the property exceeded any lawful authority and violated Plaintiff's Fourth Amendment rights.

COUNT II – Violation of Fourth Amendment (Unlawful Seizure of Property)

28. Plaintiff incorporates all preceding paragraphs.

29. Defendants unlawfully seized Plaintiff's property by denying her access, posting a Notice to Vacate, and altering the property without due process or proper justification.

30. These actions constitute an unlawful seizure under the Fourth Amendment.

COUNT III – Violation of Fourteenth Amendment (Denial of Due Process)

31. Plaintiff incorporates all preceding paragraphs.

32. Plaintiff was not notified of the warrant or given an opportunity to contest the County's actions.

33. The posting of the warrant and Notice to Vacate did not satisfy due process requirements.

34. Defendants deprived Plaintiff of her property without a hearing or legal recourse, violating the Fourth Amendment.

COUNT IV – Failure to Intervene

35. Plaintiff incorporates all preceding paragraphs.

36. Defendants John Does 1-10, acting under color of law, had the opportunity and duty to prevent the unlawful conduct of Defendant Rinck and others.

37. Their failure to intervene constitutes a violation of Plaintiff's constitutional rights.

COUNT V – Monell Claim (Unconstitutional Policy or Custom)

38. Plaintiff incorporates all preceding paragraphs.

39. Defendant St. Louis County maintained policies or customs that permitted SWAT-style raids for housing code enforcement, excess force, and destruction of \ property.

Count V – Monell Claim – Unconstitutional Policy or Custom

40. Defendant St. Louis County maintained policies or customs that permitted SWAT-style raids for housing code enforcement, excessive force, and destruction of property.

41. These practices were the moving force behind the constitutional violations suffered by Plaintiff.

Count VI – Monell Claim – Failure to Train and Supervise

42. Defendant St. Louis County failed to adequately train or supervise Defendant Rinck, despite prior incidents of excessive force and misconduct. This deliberate indifference led to the violation of Plaintiff's rights and supports municipal liability under Monell.

Count VII – Trespass to Real Property

43. Defendants unlawfully entered Plaintiff's property and caused property damage and destroyed trees without legal authority.

44. Said actions constitute trespass under Missouri law and entitle Plaintiff to compensatory and punitive damages.

Count VIII – Intentional Infliction of Emotional Distress

45. Defendants' conduct was extreme and outrageous, including threats of

8

arrest, denial of access to Plaintiff's home, and destruction of property.

46. Plaintiff suffered severe emotional distress as a result, entitling her to damages under Missouri law.

WHEREFORE Plaintiff Carolynne Kieffer respectfully prays that this Court enter judgment in her favor, under 42 U.S.C. §§ 1983 and 1988, and against Defendant St. Louis County, and all defendants, and award her any and all compensatory and punitive damages, attorneys' fees, expenses, costs, and any other such relief to which she is entitled and that this Court deems just, appropriate, and consistent with the important purposes of 42 U.S.C. § 1983.

Subscribed and sworn to before me this 20th
Day of _August_, 20 25.

_Donna S Dancer_ Notary Public

DONNA S DANCER
NOTARY PUBLIC - NOTARY SEAL
STATE OF MISSOURI
COMMISSION EXPIRES SEPTEMBER 27, 2026
ST. LOUIS COUNTY
COMMISSION #94469374

Respectfully submitted,

Carolynne Kieffer
Plaintiff, pro se
1011 Boland Place
St. Louis, Missouri 63117
(314)644-2400
carolynnekieffer1@gmail.com

Sworn and subscribed this _____ day
of August, 2025

Carolynne Kieffer

9